UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

**YOUSEF AL BADRI**

      **Plaintiff,**

v.                                                          Civil Action No. 4:23-cv-1557

**UNITED STATES OF AMERICA,**       Action on behalf of a seafarer without Prepayment of Fees and Costs, pursuant

      **Defendant.**                      to Title 28 U.S.C. § 1916, for the health and safety of seafarers at sea (without class action.)

**ORIGINAL COMPLAINT**

Now comes the Plaintiff, Yousef Al Badri, by counsel in the captioned matter, and for his Complaint, states as follows:

**General Factual Allegations**

1. The Plaintiff, Yousef Al Badri, is a resident of the City of Dearborn, Michigan.

2. United States of America is a sovereign state that, pursuant to 46 U.S.C. § 30901, *et seq.*, and 46 U.S.C. § 31101, *et seq.*, consented to be sued.

3. At all times relevant to this action, Defendant Unites States of America deployed and operated the USNS HENSON (the "Ship" or the "Vessel") which was and is a public vessel owned by the United States of America and is homeported in Norfolk, Virginia.

4. Upon information and belief, as of the date of the filing of this Complaint, the Vessel is not in the territorial waters of the United States of America.

5. At all times relevant to this action, pursuant to a contract with the Defendant United States of America, Ocean Shipholdings, Inc. ("Ocean Shipholdings") was ship manager of the Vessel for and on behalf of the United States of America and is the Plaintiff's Jones Act employer.

6. As part of its responsibilities as United States' ship manager of the Vessel, Ocean Shipholdings employed the Vessel's crew.

7. Accordingly, on or about September 13, 2017, United States of America's ship manager, Ocean Shipholdings, employed Plaintiff Yousef Al Badri as a seafarer and member of the crew of the Vessel.

8. At all times relevant to this action, Defendant United States of America, or its agents, servants and/or employees, owned, owned *pro hac vice*, managed, manned, crewed, operated, and/or controlled the USNS HENSON.

9. At all times relevant to this action, USNS HENSON was in navigation on or near the navigable waters of the port of Manila, Philippines.

10. On or about June 16, 2022, while he was in the performance of his duties and in the service of the USNS HENSON, Plaintiff Yousef Al Badri suffered serious personal injury.

11. On or about June 16, 2022, the ship's Chief Steward, Leslie Singleton, ordered Yousef to go the Captain's cabin, to see if he could assist the Captain. Yousuf did so, but discovered that the Captain was not there. He then returned to the Steward, to report that, and the Steward then ordered him to report to the Bosun, who was the "acting Captain" at the time. Reportedly, the Steward, Leslie Singleton, is hard of hearing, as her staff often needed to raise their voices to be heard. An argument ensued, during which the Chief Steward, who was holding a butcher knife, raised it above her shoulder and said she would "show you what I can do with

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 2 of 9

this," meaning she was about to stab Yousef. They were standing only a few feet apart at the time. The ship's Bosun immediately intervened and sent Yousef to his cabin, to keep him from being stabbed by the Chief Steward. Yousef was traumatized by the incident.

12. Despite that, on or about July 17, 2022, Yousef received a Letter of Discharge. The Letter of Discharge referenced the incident as a "physical confrontation" between himself and the Chief Steward, Leslie Singleton. Despite what had occurred and observed by the Bosun, the Captain discharged Yousef, blaming him for being threatened by the Chief Steward and her knife. The Chief Steward previously had proven herself unstable and difficult to work with. Two prior cooks had quit, rather than working under her supervision. She also demonstrated prejudice against Yousef, who is a Muslim American.

13. Meanwhile, the Captain knew that there were crew members aboard who had contracted COVID-19, but he did not share that knowledge with others or quarantine those sick crew members. As a result, Yousef and other crew members came down with COVID-19, and had to be quarantined, off the ship. The Letter of Discharge made no mention of crew members, including Yousef, having COVID-19 or being quarantined.

14. All of the above-described actions occurred in the performance of Plaintiff's duties under orders in the service of USNS HENSON and at all times the Defendant was responsible for the actions of its officer and crew and for the conditions on the Vessel.

15. Prior to and at the time he suffered the above personal injury, Plaintiff Yousef Al Badri exercised due care for his own safety and the safety of others.

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 3 of 9

## Jurisdiction and Venue

16. This Court has subject matter jurisdiction over this action pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., § 30104, 28 U.S.C. § 1331, 28 U.S.C. § 1333, the Suits in Admiralty Act ,46 U.S.C. § 30901, *et seq.*, and the Public Vessels Act, 46 U.S.C. § 31101, *et seq*.

17. Pursuant to 46 U.S.C. § 31104 and 46 U.S.C. § 30906, venue is proper since Ocean Shipholdings, Inc.'s office is located in Houston, Texas.

## COUNT I
## JONES ACT NEGLIGENCE

18. Plaintiff reiterates the allegations in all paragraphs above and incorporates them as if fully set forth.

19. The personal injuries suffered by Plaintiff were not caused by any fault on his part, but were instead caused by the negligence of the Defendant, its manager, agents, servants and/or employees, including those of his Jones Act employer, Ocean Shipholdings, Inc., its agents, servants and/or employees.  The Defendant was negligent in the following ways:

   a. Defendant failed to provide a safe place in which to work;

   b. Defendant failed to discipline the Chief Steward, despite knowing she had mistreated other crewmembers;

   c. Defendant failed to operate the ship properly;

   d. Defendant failed to warn Plaintiff of a potentially dangerous condition;

   e. Defendant failed to provide a work environment free of threats, harassment and discrimination;

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 4 of 9

    f. Defendant failed to provide a competent supervisor for Plaintiff;

    g. Defendant failed to provide sufficient manning;

    h. Defendant failed to inspect the Vessel to ensure that it was sound and seaworthy;

    i. Defendant failed to give provident orders;

    j. Defendant failed to provide for the health and safety of its crew members, including Plaintiff, when its Captain knew that COVID-19 was spreading among the Ship's crew;

    k. Defendant failed to provide proper personal protective equipment ("PPE") to crew members, including Plaintiff, though it knew that COVID-19 was spreading among the Ship's crew;

    l. Defendant failed to provide proper medical care to Plaintiff after he was diagnosed with COVID-19; and

    m. other particulars which may be shown at the trial of this case.

20. As a result of the injuries, Plaintiff Yousef Al Badri: suffered and will continue to suffer great pain of body and anguish of mind; incurred and will continue to incur medical expenses; suffered permanent impairment and disability; lost time from his usual work and pursuits, and will continue to do so; suffered permanent loss of earning capacity, lost retirement and other benefits by reason of his loss of time from work; suffered and will continue to suffer post-traumatic stress disorder ("PTSD"), anxiety, worry, humiliation, inconvenience, and emotional distress; experienced and continues to experience loss of quality of life; experienced loss of Found, past and future; and suffered and will suffer other damages as will be shown at trial.

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 5 of 9

21. This cause of action is brought under the Merchant Marine Act of 1920, commonly referred to as the Jones Act.

WHEREFORE, Plaintiff Yousef Al Badri demands judgment against Defendant United States of America, in an amount to be determined by the Jury, together with costs and post-judgment interest, as the law may allow.

## COUNT II
## GENERAL MARITIME LAW—UNSEAWORTHINESS

22. Plaintiff reiterates the allegations in all paragraphs above and incorporates them as if fully set forth.

23. The personal injuries sustained by Plaintiff Yousef Al Badri where due to no fault of his, but instead were caused by the unseaworthiness of the Vessel.

24. The Vessel was unseaworthy because Defendant provided a vessel with a supervisor who was not competent and up to the standard of his calling. The Vessel also was unseaworthy because the Captain was unfit, no proper personal protective equipment was provided, despite the presence of COVID-19 aboard, and otherwise as may be shown at the trial of this case. The Vessel was unsafe as a result.

25. As a result of the injuries, Plaintiff Yousef Al Badri suffered and will continue to suffer great pain of body and anguish of mind; incurred and will continue to incur medical expenses; suffered impairment and disability; lost time from his usual work and pursuits, and will continue to do so; suffered loss of earning capacity, lost retirement and other benefits by reason of his loss of time from work; suffered and will continue to suffer PTSD, anxiety, worry, humiliation, inconvenience, and emotional distress; experienced and continues to experience loss of quality of

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 6 of 9

life; experienced loss of Found, past and future; and suffered and will suffer other damages as will be shown at trial.

26. This cause of action is brought under the General Maritime Law of the United States, for unseaworthiness.

WHEREFORE, Plaintiff Yousef Al Badri demands judgment against Defendant United States of America in the amount to be determined by the Jury, together with costs and post-judgment interest, as the law may allow.

## COUNT III
## GENERAL MARITIME LAW—MAINTENANCE AND CURE

27. Plaintiff reiterates the allegations in all paragraphs above and incorporates them as if fully set forth.

28. This is a claim for Maintenance and Cure, to the extent Maintenance and Cure is not already paid, and for attorney's fees and costs for having to seek collection of Maintenance and Cure, because of Defendant's recalcitrant denial of such Maintenance and Cure benefits for Plaintiff.

29. The Plaintiff was injured aboard and in the service of the Vessel while employed as a seafarer and a member of its crew.

30. In accordance with the General Maritime Law, Plaintiff is entitled to collect, and Defendant is obligated to investigate and pay, all Maintenance and Cure benefits. To date, Defendant has failed and refused to provide <u>any</u> Maintenance benefits or Cure benefits.

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 7 of 9

31. Furthermore, Plaintiff is entitled to collect, and Defendant is obligated to pay, Plaintiff's reasonable attorney's fees, for cost of collection of unpaid Maintenance and Cure benefits.

32. As a result of the personal injuries described in this Complaint, Yousef Al Badri incurred and will continue to incur expenses for Maintenance and Cure benefits.

33. Plaintiff made demand upon Defendant for the provision of Maintenance and Cure, and fulfillment of Defendant's positive duty to provide treatment, which was denied.

34. To the extent in the future that Defendant negligently, willfully, arbitrarily, and/or unreasonably fails to provide Plaintiff with Maintenance and Cure benefits in a timely and adequate manner, Plaintiff also makes this claim for future Maintenance benefits and Cure benefits to preserve his right to demand Defendant provide all proper and timely Maintenance and Cure benefits as required.

35. As a result of the Defendant's failure to provide Maintenance and Cure benefits, Plaintiff Yousef Al Badri has not received all proper and timely medical care and psychotherapy. He suffered and will continue to suffer great pain of body and anguish of mind; incurred and will continue to incur medical expenses; suffered permanent impairment and disability; lost time from his usual work and pursuits, and will continue to do so; suffered loss of earning capacity; lost retirement and other benefits by reason of his loss of time from work; suffered and will continue to suffer PTSD, anxiety, worry, humiliation, inconvenience, and emotional distress; experienced and continues to experience loss of quality of life; experienced loss of Found, past and future; and suffered and will suffer other damages as will be shown at trial.

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 8 of 9

## COUNT IV
## JURY DEMAND

36. Plaintiff requests this case be set for a jury trial, as is his right as a Jones Act Seaman.

WHEREFORE, the Plaintiff Yousef Al Badri demands judgment against the Defendant United States of America in the amount to be determined by the Jury, together with costs and post judgment interest, as provided by law.

Dated: April 27, 2023.                              Respectfully submitted,

**HERD LAW FIRM, PLLC.**

By: _____
Charles F. Herd
Fed ID 2793 | TBA # 09504480
Brandon C. Francis
Fed ID 3486302 | TBA # 24107074
19500 Tomball Parkway | Suite 250
Houston, Texas 77070
713.955.3699 (Tel.)
281.462.5180 (Fax)
charles.herd@herdlawfirm.com
brandon.francis@herdlawfirm.com
***ATTORNEYS FOR PLAINTIFF***

*Yousef Al Badri v. United States of America.*
Complaint
*USDC for the Southern District of Texas*
Page 9 of 9